UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>and<br><br>TEAMSTERS UNION 25 HEALTH SERVICES AND INSURANCE FUND,<br><br>           Plaintiffs,<br>v.<br><br>CAPITOL WASTE SERVICES, INC.<br><br>and<br><br>EZ DISPOSAL AND RECYCLING, INC.,<br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

### INTRODUCTION

1. This is an action brought by an "employee pension benefit plan" and an "employee welfare benefit plan" within the meaning of Section 3(1) and (2) of ERISA, 29 U.S.C. §1002(1) and (2), seeking to collect unpaid contributions from a signatory to a union collective bargaining agreement and from a related entity that is its alter ego and/or with which it constitutes a single employer.

### PARTIES

2. Plaintiffs, New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") and Teamsters Union 25 Health Services and Insurance Fund ("Health and Welfare Fund")

1

are "employee benefit plans" (together, "Plaintiff Funds") within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3).

3. Plaintiff Pension Fund and Plaintiff Health and Welfare Fund have their principal places of administration at One Wall Street, Burlington, Massachusetts, and 16 Sever Street, Charlestown, Massachusetts, respectively.

4. Defendant Capitol Waste Services, Inc. ("Defendant Capitol Waste") is a Massachusetts corporation and an employer with the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

5. Defendant Capitol Waste is an employer affecting commerce within the meaning of Section 2 of the LMRA, 29 U.S.C. §152.

6. Defendant EZ Disposal and Recycling, Inc. ("Defendant EZ Disposal, Inc.") is a Massachusetts corporation and an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

7. Defendant EZ Disposal, Inc. is an employer affecting commerce within the meaning of Section 2 of the LMRA, 29 U.S.C. §152.

### JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over this action pursuant to Section 502(e)(1) and (f) of ERISA, 29 U.S.C. §1132(e)(1) and (f), and concurrent jurisdiction pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

9. Venue is appropriate in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**BACKGROUND**

10. Beginning in 2004 and continuing at all times relevant, Defendant Capitol Waste has been a party to collective bargaining agreements with Teamsters Local Union No. 25 ("Local 25"). Under those agreements, Defendant Capitol Waste was/is required to make contributions to Plaintiff Funds for each hour worked by covered employees at rates prescribed in the agreements.

11. At all times relevant, Defendants Capitol Waste and EZ Disposal, Inc. have employed individuals who have performed work covered by the Local 25 collective bargaining agreements.

12. At all times relevant, Joseph Ricupero, Sr. and Michael Murello have been co-owners of Defendant Capitol Waste.

13. At all times relevant, Michael Murello also has been the owner of Defendant EZ Disposal, Inc.

14. Defendants Capitol Waste and EZ Disposal, Inc. have shared, and continue to share, substantially identical or common management, business purpose, operations, types of work performed, equipment, customers and/or types of customers, supervision and ownership.

15. At all times relevant, Defendants Capitol Waste and EZ Disposal, Inc. have been engaged in the collection, disposal and hauling of waste, trash and recyclables.

16. Defendants Capitol Waste and EZ Disposal, Inc. operate from the same yard and facilities located at 20 Railroad Street, Revere, Massachusetts.

17. Defendants Capitol Waste and EZ Disposal, Inc. use the same equipment and trucks, regardless of whether the job is an EZ Disposal, Inc. job or a Capitol Waste job. Each

Defendant borrows equipment and trucks from the other in order to complete their respective routes and perform other business.

18. Defendants Capitol Waste and EZ Disposal, Inc. employ a core group of mechanics who perform work on both EZ Disposal, Inc. equipment and Capitol Waste equipment.

19. Defendants Capitol Waste and EZ Disposal, Inc. have identical websites. The mission statement, description of offered services and equipment, career opportunities and other information on each Defendant's webpage is verbatim identical. Further, Defendant Capitol Waste's website directs candidates for employment to apply at Defendant EZ Disposal Inc.'s headquarters at 20 Railroad Street, Revere, Massachusetts.

20. On several occasions, Defendant EZ Disposal, Inc. employees have performed work awarded to Defendant Capitol Waste.

21. In 2012, Defendant Capitol Waste and Local 25 entered into a new collective bargaining agreement providing for increases in compensation and increases in contribution rates to Plaintiff Funds.

22. Shortly thereafter, in 2013, EZ Disposal and Recycling, LLC was formed to bid on work for Defendant EZ Disposal, Inc.

23. At all times relevant, Michael Murello and Joseph Ricupero, Jr., the son of Joseph Ricupero, Sr., have been the co-owners of EZ Disposal and Recycling, LLC.

24. Defendant EZ Disposal, Inc. and EZ Disposal and Recycling, LLC are commonly managed.

25. EZ Disposal and Recycling, LLC and Defendant Capitol Waste have bid on the same city or town contract. These bids were identical except for EZ Disposal and Recycling, LLC undercutting Defendant Capitol Waste's pricing by nominal amounts. Upon being awarded the bid, EZ Disposal and Recycling, LLC assigns the performance of work to Defendant EZ Disposal, Inc.

26. EZ Disposal and Recycling, LLC's undercutting of Capitol Waste's bids, and Defendant EZ Disposal, Inc.'s subsequent performance of work, has led to a reduction in contract hours, thereby reducing obligations and payments owed Plaintiff Funds under the collective bargaining agreement.

### CAUSES OF ACTION

### COUNT I
### CLAIM FOR UNPAID CONTRIBUTIONS

27. Plaintiff Funds incorporate by reference paragraphs 1 through 26 above.

28. Defendants Capitol Waste and EZ Disposal, Inc. have been, and continue to be, operated without any regard for their supposed corporate separateness, are disguised forms of the same entity and are alter egos of one another and/or a single employer under federal labor law.

29. Defendant EZ Disposal, Inc. has been operated as an artifice to avoid the obligations imposed upon Defendant Capitol Waste under its collective bargaining agreements with Local 25.

30. As an alter ego of Defendant Capitol Waste and/or as a single employer with Defendant Capitol Waste, Defendant EZ Disposal, Inc. was/is obligated under the Local 25

collective bargaining agreements to the same extent as Defendant Capitol Waste and, therefore, was/is obligated to make contributions to Plaintiff Funds.

31. Defendants Capitol Waste and EZ Disposal, Inc. have failed to make contributions on behalf of employees who performed the types of work covered by Defendant Capitol Waste's collective bargaining agreements.

32. Plaintiff Funds are entitled to pierce the corporate veil of Defendant EZ Disposal, Inc., and to enforce against Defendants Capitol Waste and EZ Disposal, Inc. all obligations imposed under the collective bargaining agreements, including the obligations to remit contributions to Plaintiff Funds.

33. As alter egos of one another and/or as a single employer, Defendants Capitol Waste and EZ Disposal, Inc. are jointly and severally liable for all contributions owed on behalf of the employees who performed the types of work covered by Defendant Capitol Waste's collective bargaining agreements.

34. By failing to make contributions on behalf of the employees who performed the types of work covered by Capitol Waste's collective bargaining agreements, Defendants Capitol Waste and EZ Disposal, Inc. have violated and continue to violate Section 515 of ERISA, 29 U.S.C. §1145.

35. Defendants Capitol Waste and EZ Disposal, Inc. also are jointly and severally liable for interest, liquidated damages and attorneys' fees and costs as required by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

**WHEREFORE**, Plaintiff Funds request this Court grant the following relief:

A. Enter judgment against Defendants Capitol Waste Services, Inc. and EZ Disposal and Recycling, Inc., jointly and severally, in an amount equal to the unpaid contributions by Defendants; and

B. Award Plaintiff Funds (1) interest on the unpaid contributions equal to 3% per month for the amount owed to Plaintiff Pension Fund and 1% per month for the amount owed to the Plaintiff Health and Welfare Fund; (2) liquidated damages equal to 20% of the amounts owed to Plaintiff Funds; and (3) attorneys' fees and costs, all as provided for and required by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); and

C. Enter an order requiring Defendants Capitol Waste Services, Inc. and EZ Disposal and Recycling, Inc. to prospectively pay contributions to Plaintiff Funds in accordance with the terms of the Local 25 collective bargaining agreements for all work performed by Defendants of the types described in the Local 25 agreements; and

D. Grant Plaintiff Funds whatever further relief the Court deems appropriate and just.

## COUNT II
### VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

36. Plaintiff Funds incorporate by reference paragraphs 1 through 35 above.

37. The Local 25 collective bargaining agreements are contracts within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

38. By failing to make contributions on behalf of the employees who performed the type of work covered by Capitol Waste's collective bargaining agreements, Defendants Capitol Waste and EZ Disposal, Inc. have breached the agreements.

**WHEREFORE**, Plaintiff Funds request this Court grant the following relief:

A. Enter judgment against Defendants Capitol Waste Services, Inc. and EZ Disposal and Recycling, Inc., jointly and severally, in an amount equal to the unpaid contributions by Defendants; and

B. Enter an order requiring Defendants Capitol Waste Services, Inc. and EZ Disposal and Recycling, Inc. to prospectively pay contributions to Plaintiff Funds in accordance with the terms of the Local 25 collective bargaining agreement for all work performed by Defendants of the types described in the Local 25 agreements; and

C. Grant Plaintiff Funds whatever further relief the Court deems appropriate and just.

>Respectfully submitted,
>For the Plaintiffs,
>New England Teamsters and
>Trucking Industry Pension Fund and
>Teamsters Union 25 Health Services and
>Insurance Fund
>By their Attorney,
>
>*/s/ Michael A. Feinberg*
>Michael A. Feinberg, Esq. BBO# 161400
>Feinberg, Dumont & Brennan
>177 Milk Street, Suite 300
>Boston, MA 02109
>(617) 338-1976 (t)
>(617) 338-7070 (f)
>maf@fdb-law.com

Date : November 9, 2021